**NATIONAL BEN FRANKLIN INSURANCE COMPANY OF PITTSBURGH, PENN-SYLVANIA, Appellant,**

v.

**Elizabeth K. ALLEN, Appellee.**

**No. 17012.**

Court of Civil Appeals of Texas.

Fort Worth.

April 11, 1969.

Rehearing Denied May 9, 1969.

403

———◆———

Brown, Day & Crowley, and M. Hendricks Brown, Fort Worth, for appellant.

Bill Waltrip, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Save for one aspect of the appeal of this workmen's compensation insurance case the points of error may be resolved by memorandum opinion.

Such aspect is arisen because the claimant failed to take the stand to explain a written statement signed by her upon admission to the hospital following her alleged injury, by which statement (as a part of an application for benefits under a health and accident insurance policy) she represented that her disability was *not* due to accident, and that occasion for the benefits applied for were *not* arisen out of or in the course of her employment.

It is the insurer's contention that controlling effect should be accorded the statement and that this appellate court should hold that there was no evidence to support the jury's findings that claimant sustained

an injury while in the course of her employment on May 7, 1967; and, alternatively, that such findings were contrary to the great weight and preponderance of the whole of the evidence.

■ In Northwestern National Insurance Co. v. Kirchoff, 427 S.W.2d 638 (Houston (14th Dist.) Civ.App., 1968, no writ hist.), it was held that where, as here, the injured plaintiff was shown to have signed the claim form for group insurance with another company, inconsistent with his claim for benefits under the Workmen's Compensation Act, there has been no election of remedies nor estoppel, such evidence being admissible merely as evidence against the validity of the claim. We are in accord with the holding of such case and hold that the fact that the statement signed in the instant case would not be operative to control any holding of "no evidence", or "against the greater weight and preponderance of the evidence", whether considered separately or as a part of the whole of the evidence in favor of the insurer's case.

■ Aside therefrom we have reviewed the entire record in light of the insurer's contentions of "no evidence" and "against the greater weight and preponderance of the evidence" as applied to the jury's finding of injury sustained in the course of claimant's employment; and its contention that the jury's finding that claimant's partial incapacity was not due solely to a pre-existing condition was so "against the overwhelming weight and preponderance of the evidence as to be manifestly wrong". To the extent of applicability the same complaints were embodied in the insurer's motions for judgment and for judgment notwithstanding the verdict of the jury. We have concluded that a complete *prima facie* case was made out in behalf of claimant, that the issues submitted were properly resolved by the jury and not the court, and that the verdict of the jury should not be disturbed on appeal.

All points of error are overruled. Judgment is affirmed.